**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**CIVIL NO. ________________**

**SHELBY DICKSON and EILEEN MCGETTRICK, On Behalf of Themselves and All Others Similarly Situated,**

**Plaintiffs,**

**V.**

**COMMONSPIRIT HEALTH,**

**Defendant.**

---

**PLAINTIFFS' CLASS ACTION AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND**

---

1. This case challenges Defendant CommonSpirit Health's ("Defendant") long standing policy of failing to properly compensate its non-exempt employees for all hours that they worked. Specifically, Defendant instituted a policy of failing to pay for time spent working during meal periods by Plaintiffs Shelby Dickson and Eileen McGettrick ("Plaintiffs"). Indeed, Defendant deducted time for a meal break even when no meal break was taken by Plaintiffs. This conduct violates both Colorado law and the federal Fair Labor Standards Act. Defendant also violated Colorado law in failing to provide Plaintiffs with a 10 minute paid rest break for each four hours they worked for Defendant. Defendant further violated Colorado law by failing to include holiday incentive pay in the calculation of the regular rate of pay.

2. Plaintiffs worked for Defendant in Colorado and bring their claims under the Colorado Wage Claim Act, *see* Colo. Rev. Stat. §§ 8-4-101, *et seq.* ("CWCA") and the Colorado Overtime and Minimum Pay Standards ("COMPS") Orders #38 and #39, 7 C.C.R. 1103-1 as a Rule 23 Class Action to remedy the illegal pay practices and policies identified in this Complaint.

3. Defendant's conduct violates Colorado law because Defendant failed to pay Plaintiffs their minimum wage and overtime compensation for all time worked as required by the Colorado Constitution art. XVIII, § 15, the Colorado Wage Act (CWA), C.R.S. § 8-4-101 *et seq.*, the Colorado Minimum Wage Act (CMWA), C.R.S. § 8-6-101 *et seq.*, and the Colorado Overtime and Minimum Pay Standards Order ("COMPS Order") #38, #39, 7 C.C.R. 1103-1 (collectively, "Colorado Wage-and-Hour Law").

4. Specifically, Colorado Wage-and-Hour Law requires employers to pay employees their agreed wage rates – their minimum or overtime wage rates – for all time worked. *See* COMPS Order, Rules 3, 4.

5. Under Colorado Wage-and-Hour Law, "time worked" includes: (1) time during which an employee is required to be on the employer's premises; (2) time during which an employee is required to be on duty; (3) time during which an employee is required to be at the prescribed workplace; and (4) time spent on travel for the benefit of the employer. COMPS Order, Rule 1.9.

6. Further, under Colorado Wage-and-Hour Law, employers must provide all employees with an "uninterrupted, duty-free meal periods of at least 30 minutes." Interpretative Notice & Formal Opinion #4. COMPS Order 5.1 requires as follows:

> Meal Periods. Employees shall be entitled to an uninterrupted and duty-free meal period of at least a 30-minute duration when the shift exceeds 5 consecutive hours.

> Such meal periods, to the extent practical, shall be at least one hour after the start, and one hour before the end of the shift. Employees must be completely relieved of all duties and permitted to pursue personal activities for a period to qualify as non-work, uncompensated time. When the nature of the business activity or other circumstances make an uninterrupted meal period impractical, the employee shall be permitted to consume an on-duty meal while performing duties. Employees shall be permitted to fully consume a meal of choice on the job and be fully compensated for the on-duty meal period without any loss of time or compensation.

7. For meal periods to be unpaid, non-work time, employees must be completely relieved of all duties, allowed to leave the work site, and allowed to do personal activities for 30 minutes. *Id.* Defendant failed to comply with this law and as a result owes 30 minutes of pay each day worked by the Plaintiffs.

8. Moreover, under Colorado Wage-and-Hour Law, employers must "authorize and permit a compensated 10-minute rest period for each 4 hours of work, or major fractions thereof." COMPS Order, Rule 5.2.

9. COMPS Order 5.2.4 requires:

> When an employee is not authorized and permitted a required 10-minute rest period, his or her shift is effectively extended by 10 minutes without compensation. Because a rest period requires 10 minutes of pay without work being performed, work during a rest period is additional work for which additional pay is not provided. Therefore, a failure by an employer to authorize and permit a 10-minute compensated rest period is a failure to pay 10 minutes of wages at the employee's agreed-upon or legally required (whichever is higher) rate of pay.

10. Defendant failed to authorize and permit Plaintiffs to take a 10-minute rest period when they worked for Defendant.

11. Moreover, in *Hamilton v. Amazon.com Servs., LLC*, 555 P.3d 620 (Col. 2024), the Supreme Court of Colorado held that additional compensation paid for working on a holiday must be included in the calculation of the regular rate of pay for purposes of calculating overtime pay. *Id.* at 629 (stating "we conclude that holiday incentive pay is included in the calculation of the

regular rate of pay under Colorado law."). Here, Defendant paid the Plaintiffs incentive pay for working on holidays but failed to include the incentive pay in the calculation of their regular rates of pay. As a result, Defendant violated Colorado law.

12. Consequently, Plaintiffs bring this lawsuit as a class action under Federal Rule of Civil Procedure 23 to recover unpaid minimum wages, unpaid overtime compensation, mandatory penalties under C.R.S. § 8-4-109(3)(b)(I), additional penalties under C.R.S. § 8-4-109(3)(b)(II), and attorneys' fees and costs due to them and the similarly situated workers. *See* C.R.S. §§ 8-4-109(3)(b), 8-4-110, 8-6-118

13. Plaintiffs also bring their claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. Plaintiffs seek to recover all unpaid overtime wages under the FLSA. Plaintiffs bring this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that an action to recover the liability prescribed by the FLSA may be maintained against any employer by any one or more employees for and on behalf of other employees similarly situated. Plaintiffs bring this case on behalf of themselves and all other "similarly-situated" persons who may join this case pursuant to § 216(b).

## JURISDICTION AND VENUE

14. This Court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 201, *et seq.* This Court also has original jurisdiction over Plaintiffs' state law claims pursuant to the Class Action Fairness Act found in 28 U.S.C. § 1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which there are in excess of 100 class members and some of the class members are

citizens of a state different than that of Defendant. Additionally, this Court has supplemental jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367.

15. This Court has personal jurisdiction over Defendant because it is organized under the laws of Colorado.

16. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the acts or omissions giving rise the claims in this Complaint took place in this district.

## PARTIES TO THIS ACTION

17. Plaintiff Shelby Dickson is an individual residing in Pueblo West, Colorado. Plaintiff's written consent to this action is attached hereto as Exhibit "A."

18. Plaintiff Eileen McGettrick is an individual residing in Texas. Plaintiff's written consent to this action is attached hereto as Exhibit "B."

19. The "Rule 23 Class Members" are all current and former employees of Defendant paid on an hourly rate basis and who worked in Colorado for Defendant during the three year period before the filing of this Complaint to the present.

20. The "FLSA Class Members" are all current and former nurses, certified nursing assistants, patient safety attendants, and all employees in substantially similar positions, paid on an hourly rate basis and who worked for Defendant during at least one week during the three year period before the filing of this Complaint to the present.

21. The Rule 23 Class Members and the FLSA Class Members shall be collectively referred to as the "Class Members."

22. Defendant CommonSpirit Health is a Colorado non-profit corporation with its principal place of business in Illinois. Defendant can be served with process by serving its

registered agent, CT Corporation System, at 7700 E. Arapahoe Rd., Suite 220, Centennial, CO 80112.

**COVERAGE**

23. At all material times, Defendant has been governed by and subject to Colorado Wage-and-Hour Law.

24. Indeed, at all material times, Defendant has been an employer within the meaning of CO. REV. STAT. § 8-4-101(6), Colorado Constitution art. XVIII, § 15, the Colorado Minimum Wage Act, C.R.S. § 8-6-101 *et seq.*, and the Colorado Overtime and Minimum Pay Standards Orders #38 & #39, 7 C.C.R. 1103-1, Rule 1.6.

25. At all material times, Plaintiffs and the Rule 23 Class Members have been employees of Defendant within the meaning of Colorado Wage-and-Hour Law. *See* C.R.S. § 8-4-101(5); COMPS Order, Rule 1.5.

26. At all material times, Defendant was and is legally responsible for the unlawful conduct, policies, practices, acts, and omissions as described and set forth in this Complaint, as the employer of Plaintiffs and the Rule 23 Class Members.

27. At all material times, Defendant has been an employer within the meaning of the FLSA under 29 U.S.C. § 203(d).

28. At all material times, Defendant has been an enterprise within the meaning of the FLSA under 29 U.S.C. § 203.

29. Plaintiffs and the FLSA Class Members are employees of Defendant within the meaning of 29 U.S.C. § 203.

30. At all material times, Plaintiffs and the FLSA Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

**FACTS**

31. Defendant is company that operates hospitals and healthcare facilities across the United States, including in Colorado.

32. Defendant operates over 200 hospitals and healthcare facilities in Colorado. (*See* https://www.commonspirit.orgs, last visited November 20, 2025).

33. Some of these healthcare facilities and hospitals include:

a. CommonSpirit St. Anthony Hospital;

b. CommonSpirit St. Francis Hospital;

c. CommonSpirit Penrose Hospital;

d. CommonSpirit St. Elizabeth Hospital; and

e. CommonSpirit St. Thomas More Hospital.

34. Defendant employs over 50,000 nurses, certified nursing assistants, and patient safety attendants in the United States.

35. Defendant employs over 5,000 hourly paid workers in Colorado.

**A. Plaintiffs' employment with Defendant.**

36. Plaintiff Dickson worked for Defendant in Colorado Springs, Pueblo, and Canon City, Colorado. She worked for Defendant at Penrose Hospital, St. Francis Hospital, St. Mary-Corwin Hospital, and St. Thomas More Hospital. She was a registered nurse that normally worked in the intensive care unit. She worked for Defendant from approximately July 2023 to October 2024. As a nurse, her job duties included checking on patients, monitoring their condition,

checking their vital signs, administering medication, and other similar nursing duties. She normally worked a 12 hour shift that was approximately 7 am to 7 pm. She worked three to four days each week. Her hourly rate of pay was approximately $36 per hour. Plaintiff Dickson worked more than 40 hours in a week and more than 12 hours in a day for Defendant.

37. Plaintiff McGettrick worked for Defendant at Penrose Hospital and St. Francis Hospital. She was a charge nurse that normally worked in the bariatric and spine unit. She worked for Defendant from approximately October 2021 to May 2024. As a nurse, her job duties included checking on patients, monitoring their condition, checking their vital signs, administering medication, helping patients to walk, repositing patients in their beds, getting hospital rooms ready for post-op patients, and other similar nursing duties. She normally worked a 12 hour shift that was approximately 7 am to 7 pm and she worked the night shifts at times. She worked three to four days each week. Her hourly rate of pay was approximately $47 per hour. Plaintiff McGettrick worked more than 40 hours in a week and more than 12 hours in a day for Defendant.

**B. Defendant failed to pay for all time worked.**

38. Under Colorado law, "'time worked' means time during which an employee is performing labor or services for the benefit of an employer, including all time s/he is suffered or permitted to work, whether or not required to do so." *See* 7 C.C.R. § 1103-1(1.9).

39. This includes "requiring or permitting employees to be on the employer's premises, on duty, or at a prescribed workplace (but not merely permitting an employee completely relieved from duty to arrive or remain on-premises) — including but not limited to…putting on or removing required work clothes or gear (but not a uniform worn outside work as well), receiving or sharing work-related information, security or safety screening, remaining at the place of employment

awaiting a decision on job assignment or when to begin work, performing clean-up or other duties 'off the clock,' clocking or checking in or out, or waiting for any of the preceding — shall be considered time worked that must be compensated." *See* 7 C.C.R. § 1103-1(1.9.1) (emphasis added).

40. Unfortunately, Defendant maintained a policy and practice of failing to pay its employees, including Plaintiffs and the Class Members, for all hours worked.

41. Defendant implemented a payroll policy whereby Plaintiffs and the Class Members did not clock out or back in for their meal breaks. Instead, Defendant automatically deducted 30 minutes per shift worked for a so-called meal break for Plaintiffs and the Class Members.[1]

42. Defendant instructed its employees to clock in at the beginning of their shifts and clock out at the end of their shifts; however, employees were not to clock out at the beginning of their meal period or clock back in at the end of their meal period. Instead, under Defendant's payroll policy, there was a deduction of 30 minutes per shift worked. In other words, if a worker did not take meal period, 30 minutes were deducted. If a meal period was taken that was less than 30 minutes, 30 minutes of time was still deducted. Defendant's policy violates Colorado law and the FLSA.

43. Plaintiff and the Class Members were not provided a duty-free meal period of 30 minutes. Instead, there were days when they never took a meal break. On other days, they were

[1] Upon information and believe, Defendant implemented a new policy in 2026 whereby employees clock out and clock back in for their meal periods. However, even though workers clock out and back in for their meal periods, the meal periods are still compensable for the reasons described in this Complaint.

interrupted and were required to perform work during their meal periods. Defendant still deducted time for the meal period.

44. Defendant's conduct violates Colorado law. Under Colorado Wage-and-Hour Law, employers must provide all employees with an "uninterrupted, duty-free meal periods of at least 30 minutes." Interpretative Notice & Formal Opinion #4. COMPS Order 5.1 requires as follows:

> Meal Periods. Employees shall be entitled to an uninterrupted and duty-free meal period of at least a 30-minute duration when the shift exceeds 5 consecutive hours. Such meal periods, to the extent practical, shall be at least one hour after the start, and one hour before the end of the shift. Employees must be completely relieved of all duties and permitted to pursue personal activities for a period to qualify as non-work, uncompensated time. When the nature of the business activity or other circumstances make an uninterrupted meal period impractical, the employee shall be permitted to consume an on-duty meal while performing duties. Employees shall be permitted to fully consume a meal of choice on the job and be fully compensated for the on-duty meal period without any loss of time or compensation.

45. For meal periods to be unpaid, non-work time, employees must be completely relieved of all duties, allowed to leave the work site, and allowed to do personal activities for 30 minutes. *Id*. Defendant failed to comply with this law as the Plaintiffs and Class Members were not completely relieved of all duties, were not allowed to leave the work site, and/or were not allowed to engage in personal activities for 30 consecutive minutes. As a result, Defendant owes unpaid wages to the Plaintiffs and Rule 23 Class Members.

46. Defendant's policy is also illegal under the FLSA. If a meal period is used predominantly for the benefit of the employer, the entire meal period is compensable work time. *See Bernard v. IBP, Inc. of Nebraska*, 154 F.3d 259, 264 (5th Cir. 1998). The Fifth Circuit in *Bernard* explained as follows:

> To be classified as a bona fide meal period, 29 C.F.R. § 785.19 provides

> that an employee "must be completely relieved from duty for the purpose of eating meals" during that period. When applying this test, courts have employed a "predominant benefit test". The critical question is whether the meal period is used predominantly or primarily for the benefit of the employer or for the benefit of the employee. The employer bears the burden to show that meal time qualifies for this exception from compensation.

*Id*. at 265.

47. Defendant's policy is illegal because the meal period was primarily for the benefit of Defendant. Therefore, Plaintiff and the FLSA Class Members should have been paid for that time.

48. The Plaintiff and FLSA Class Members were required to remain on the premises of Defendant to monitor patients, to updated medical charts, to respond to emergencies, to record material events, and to perform other duties for their patients.

49. Additionally, the Plaintiff and FLSA Class Members were regularly interrupted during any meal periods to respond to patient issues, including emergencies and safety issues.

50. Plaintiffs and the FLSA Class Members frequently monitored patients throughout their shifts and at times, monitored them at approximately 15 minute intervals. Thus, when a meal break was attempted to be taken, the Plaintiffs and FLSA Class Members were not completely relieved of their duties for 30 minutes and were required to engage in work during their meal periods.

51. Even if the meal period was not primarily for the benefit of Defendant, Defendant's policy is still illegal because it deducted time when no meal breaks were taken. That is, when Plaintiffs and the FLSA Class Member worked continuously without a break, they still had time

deducted for a meal break. This conduct violates the law as the Plaintiffs and FLSA Class Members were entitled to receive pay for all hours worked.

52. As a result, Plaintiffs and the Class Members were not paid for all hours worked and were not paid overtime compensation for all hours they worked in excess of 40 each workweek and 12 hours in a day.

53. Defendant knowingly violated the Fair Labor Standards Act and Colorado law by engaging in this conduct.

54. Plaintiffs and the Class Members were non-exempt employees.

55. Plaintiffs and the Class Members were paid on an hourly rate basis.

56. When they worked more than 40 hours in a workweek, Plaintiffs and the Class Members were entitled to overtime compensation.

57. When they worked more than 12 hours per workday, and/or 12 hours per shift, Plaintiffs and the Rule 23 Class Members were entitled to overtime compensation.

58. Due to the substantial work that was not paid for, Plaintiffs and the Class Members were not paid for all time worked each day and are owed significant unpaid minimum wages and unpaid overtime compensation.

59. Defendant's method of paying Plaintiffs and the Class Members in violation of Colorado law and the FLSA was not based on a good faith and reasonable belief that their conduct complied with the law. Defendant knew the requirement to pay for all time worked, but intentionally and/or recklessly chose not to do so.

**C. Defendant did not provide required rest breaks.**

60. Under Colorado Wage-and-Hour Law, employers must "authorize and permit a compensated 10-minute rest period for each 4 hours of work, or major fractions thereof." COMPS Order, Rule 5.2.

61. Thus,

> When an employee is not authorized and permitted a required 10-minute rest period, his or her shift is effectively extended by 10 minutes without compensation. Because a rest period requires 10 minutes of pay without work being performed, work during a rest period is additional work for which additional pay is not provided. Therefore, a failure by an employer to authorize and permit a 10-minute compensated rest period is a failure to pay 10 minutes of wages at the employee's agreed-upon or legally required (whichever is higher) rate of pay.

COMPS Order, Rule 5.2.4.

62. Defendant failed to authorize and permit Plaintiffs and the Rule 23 Class Members to take a 10-minute rest period for each 4 hours they worked for Defendant.

63. Further, Defendant did not compensate the Plaintiffs and Rule 23 Class Members for failing to authorize, permit, and/or provide a 10 minute rest period for every 4 hours of work.

64. Instead, Plaintiffs and the Rule 23 Class Members regularly worked long hours, well over 4 hours, without any breaks. Instead, they had to work their shifts without breaks, in violation of Colorado Wage-and-Hour Law.

65. As a result, Plaintiffs and the Rule 23 Class Members were not paid for all of their earned minimum wages, regular wages, and overtime wages.

66. Indeed, Interpretative Notice & Formal Opinion #4 states as follows:

> Time-and-a-half overtime pay is required for work past 40 hours in a week or 12 in a day (except for overtime-exempt employees ), and "required rest periods are time worked for the purposes of calculating ... overtime." That

> means pay for missed rest periods must be at time-and-a-half overtime rates for any missed rest periods during overtime hours — the hours past 40 in a week, or 12 in a day.

67. In other words, when overtime hours were worked, Defendant was required to pay overtime wages on the time for the rest breaks that were not provided.

68. Thus, payments for missed rest breaks must be paid at the overtime rate when there was work past 40 hours in a week or 12 hours in a day. Accordingly, Defendant failed to pay all overtime wages due to the Plaintiffs and the Rule 23 Class Members.

**D. Defendant did not incorporate holiday incentive pay into the calculation of the regular rate of pay.**

69. Defendant maintained a policy of paying additional pay, known as incentive pay, for hours worked on a holiday. Plaintiffs and the Rule 23 Class Members worked on holidays and received the incentive pay. In *Hamilton v. Amazon.com Servs., LLC*, 555 P.3d 620 (Col. 2024), the Supreme Court of Colorado held that additional compensation paid for working on a holiday must be included in the calculation of the regular rate of pay for purposes of calculating overtime pay. *Id.* at 629 (stating "we conclude that holiday incentive pay is included in the calculation of the regular rate of pay under Colorado law.").

70. Here, Defendant paid the Plaintiffs and Rule 23 Class Members incentive pay for working on holidays but failed to include the incentive pay in the calculation of their regular rates of pay. As a result, Defendant failed to pay overtime wages at the proper rate and owes the Plaintiffs and Rule 23 Class Members unpaid wages.

## <u>FLSA COLLECTIVE ACTION ALLEGATIONS</u>

71. Plaintiffs incorporate by reference the allegations in all preceding paragraphs

72. Plaintiffs bring this complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of the following group of similarly situated workers.

> **All current and former nurses, certified nursing assistants, patient safety attendants, and all employees in substantially similar positions, paid on an hourly rate basis and who worked for Defendant during at least one week in the three year period before the filing of this Complaint to the present.**

73. Plaintiffs are similarly situated to the FLSA Class Members. Like Plaintiffs, Defendant subjected the FLSA Class Members to their common practice, policy, or plan of failing to pay for all hours worked.

74. Other employees similarly situated to Plaintiffs have worked for Defendant but were not paid overtime at the rate of one and one-half times their regular hourly rate for all hours over 40 as a result of Defendant's illegal pay policy.

75. Although Defendant permitted and/or required FLSA Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty (40).

76. FLSA Class Members perform or have performed the same or similar work as Plaintiffs.

77. FLSA Class Members regularly work or have worked in excess of forty hours during a workweek.

78. FLSA Class Members are not exempt from receiving overtime compensation under the FLSA.

79. Defendant's failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the FLSA Class Members.

80. Although Plaintiffs and the FLSA Class Members may have different job titles and/or work in different facilities, this action may be properly maintained as a collective action.

81. The specific job titles or precise job responsibilities of each FLSA Class Member do not prevent collective treatment.

82. The FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

83. Although the exact amount of damages may vary among FLSA Class Members, the damages for FLSA Class Members can be easily calculated, summed, and allocated based on a simple formula.

84. Plaintiffs' and the FLSA Class Members' claims arise from a common nucleus of operative facts; namely, the failure to pay for all hours worked.

85. The precise number of FLSA Class Members should be readily available from Defendant's personnel and payroll records.

86. Notice should be issued to the FLSA Class Members to notify them of this action and afford them the opportunity to join it.

**<u>RULE 23 CLASS ACTION ALLEGATIONS</u>**

87. Plaintiffs incorporate by reference the allegations in all preceding paragraphs.

88. Plaintiffs bring this lawsuit as a Rule 23 class action on behalf of the following class:

**All current and former employees of Defendant paid on an hourly rate basis and who worked in Colorado for Defendant during the three year period before the filing of this Complaint to the present.**

89. Included in this Class are the following subclasses:

**<u>Rest Break Class</u>: All current and former employees of Defendant paid on an hourly rate basis who worked in Colorado for Defendant during the three year period before the filing of this Complaint to the present.**

**<u>Meal Break Class</u>: All current and former nurses, certified nursing assistants, patient safety attendants, and all employees in substantially similar positions, paid on an hourly rate basis who worked for Defendant in Colorado during at least one week during the three year period before the filing of this Complaint to the present.**

**<u>Holiday Pay Class</u>: All current and former employees of Defendant paid on an hourly rate basis, who worked on a holiday for Defendant, who received additional pay for working on the holiday, and who worked for Defendant in Colorado during at least one week during the three year period before the filing of this Complaint to the present.**

90. Although Plaintiffs do not know the precise number of members of the proposed class, Plaintiffs believe there are more than 40 individuals that fit into the class.

91. The members of the class are so numerous that their individual joinder is impractical.

92. The identity of the members of the class is readily discernible from Defendant's records.

93. Plaintiffs and the proposed class on one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

94. Common questions of law and fact exist to all members of the class. These questions predominate over the questions affecting individual class members. These common legal and factual questions include, but are not limited, to the following:

a. Whether Plaintiffs and the Rule 23 Class Members performed compensable work without pay;

b. Whether Plaintiffs and the Rule 23 Class Members were denied rest breaks for each 4 hours of work;

c. Whether Plaintiffs and the Rule 23 Class Members were provided a 30 minute duty free meal period;

d. Whether the holiday incentive pay was included in the calculation of the regular rate of pay for the Plaintiffs and Rule 23 Class Members;

e. Whether Plaintiffs and the Class Members worked hours in excess of forty hours per work week; and

f. Whether Plaintiffs and the Rule 23 Class Members were denied overtime pay at a rate not less than one and one half times their regular rate under Colorado law.

95. These and other common questions of law and fact, which are common to the members of the class, predominate over any individual questions affecting only individual members of the class.

96. Plaintiffs' claims are typical of the claims of the class because Plaintiffs were not paid wages in accordance with Colorado law just like the Rule 23 Class Members.

97. Plaintiffs are adequate representatives of the class because their interests do not conflict with the interests of the class that they seek to represent. Plaintiffs have retained competent counsel, highly experienced in complex class action litigation, and they intend to prosecute this action vigorously. The interests of the class will be fairly and adequately protected by Plaintiffs and their counsel.

98. A class action is far superior to other available means for the fair and efficient adjudication of the state law claims of Plaintiffs and the Rule 23 Class Members. The injuries suffered by each individual class member are relatively small in comparison to the burden and expense of individual prosecution of a complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the class to individually seek to redress the wrongs done to them. Even if the members of the class could afford such individual litigation, the court system could not. Individualized litigation presents the possibility for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and to the court system. Indeed, this case raises complex, legal and factual issues which are better resolved in one proceeding rather than hundreds or thousands of individual proceedings. A class action presents far fewer logistical provides and provides the benefits of a single adjudication, including economy of scale and comprehensive supervision by a single court.

## CAUSES OF ACTION

### COUNT ONE: FAILURE TO PAY MINIMUM AND OVERTIME WAGES PURSUANT TO COLORADO WAGE-AND-HOUR LAW

99. Plaintiffs incorporate all allegations contained in the preceding paragraphs.

100. Plaintiffs bring this claim on behalf of themselves and the Rule 23 Class Members.

101. At all material times, Defendant has been an employer within the meaning of Colorado Wage-and-Hour Law. *See* C.R.S. § 8-4-101(6); COMPS Order, Rule 1.6.

102. At all material times, Plaintiffs and the Rule 23 Class Members have been employees of Defendant within the meaning of Colorado Wage-and-Hour Law. *See* C.R.S. § 8-4-101(5); COMPS Order, Rule 1.5.

103. Colorado Wage-and-Hour Law requires employers to pay employees for all time worked. *See* C.R.S. § 8-4-103; C.R.S. § 8-6-106; COMPS Order, Rule 1.9, Rule 3, and Rule 4.

104. Under the COMPS Order, Rule 1.9:

> 1.9 "Time worked" means time during which an employee is performing labor or services for the benefit of an employer, including all time s/he is suffered or permitted to work, whether or not required to do so.
>
> 1.9.1 Requiring or permitting employees to be on the employer's premises, on duty, or at a prescribed workplace (but not merely permitting an employee completely relieved from duty to arrive or remain on premises) — including but not limited to putting on or removing required work clothes or gear (but not a uniform worn outside work as well), receiving or sharing work-related information, security or safety screening, remaining at the place of employment awaiting a decision on job assignment or when to begin work, performing clean-up or other duties 'off the clock,' clocking or checking in or out, or waiting for any of the preceding — shall be considered time worked that must be compensated.
>
> 1.9.2 "Travel time" means time spent on travel for the benefit of an employer, excluding normal home to work travel, and shall be considered time worked.

105. Under the CWA, employers must pay employees their agreed wage rate, which must be at least the applicable minimum wage, for all hours worked. *See* C.R.S. § 8-4-103; *see also* COMPS Order, Rule 3.

106. The CWA provides that "[a]ny agreement … purporting to waive or modify [an] employee's rights in violation of this article shall be void." *See* C.R.S. § 8-4-121; *Barlow v. Westin DEN Operator, LLC*, No. 1:20-cv-01612-DDD-KLM, 2020 U.S. Dist. LEXIS 259845, at *9-13 (D. Colo. Dec. 2, 2020) (holding that Colorado Wage-and-Hour Law, not the union's collective bargaining agreement, governed minimum wages owed to union employees in Colorado).

107. Under the CMWA, employers must pay employees at least the applicable minimum wage, which in the City and County of Denver must be at least the Denver minimum wage, for all time worked. *See* C.R.S. § 8-6-101; *see also* COMPS Order, Rule 3; *id.* at Rule 3.2 ("If an

employee is covered by multiple minimum or overtime wage requirements, the requirement providing a higher wage, or otherwise setting a higher standard, shall apply"); D.R.M.C. § 58-1 *et seq*. (mandating minimum wage for employees who work in the City and County of Denver).

108. The wages due to employees under Colorado Wage-and-Hour Law generally must include overtime compensation at a rate of one and one-half times the employees' regular rate of pay for all hours worked in excess of 40 hours per workweek, 12 hours per workday, and/or 12 hours per shift. *See* COMPS Order, Rule 4.

109. Employers who violate the CWA by failing to pay wages earned by an employee, and who continue to violate the CWA by failing to tender such wages within 14 days of receiving a "written demand" are liable for significant civil penalties. *See* C.R.S. § 8-4-109(3).

110. Employers who violate the CWA are presumptively liable for attorney's fees and costs incurred by the employee in obtaining their unpaid wages or compensation. C.R.S. § 8-4-110(b).

111. Employers who violate the CMWA by failing to pay minimum wages and/or overtime compensation for hours worked over 40 hours per workweek, 12 hours per workday, and/or 12 hours per shift are liable for the unpaid minimum wages and/or unpaid overtime compensation, plus reasonable attorney's fees and costs. *See* C.R.S. § 8-6-118.

112. Claims brought pursuant to the CMWA are subject to a three year statute of limitations. C.R.S. § 13-80-103.5.

113. Defendant violated the CWA by failing to pay Plaintiffs and the Rule 23 Class Members their hourly wage rates for all of the time that they worked, and by failing to pay overtime compensation to Plaintiffs and the Rule 23 Class Members at a rate of one and one-half times their

regular rates for all of the hours that they worked over 40 hours per workweek, 12 hour per workday, and/or 12 hours per shift. *See* C.R.S. § 8-4-103; COMPS Order, Rules 3 and 4. Defendants also violated the CWA by failing to include all necessary compensation in the calculation of the regular rates of pay for purposes of paying overtime.

114. Defendant knew, or through the exercise of reasonable diligence should have known, that their policies violated Colorado Wage-and-Hour Law and, as a result, Defendant's violations were willful. *See* C.R.S. § 8-4-109(3)(b)(II); *see also* C.R.S. § 8-4-122.

115. Based on its violations of Colorado Wage-and-Hour Law, Defendant is liable to Plaintiffs and the Rule 23 Class Members for unpaid minimum wages, unpaid regular wages, and unpaid overtime compensation, mandatory penalties under C.R.S. § 8-4-109(3)(b)(I) (if full payment of all wages is not tendered within 14 days of Defendants' receipt of this Complaint), additional penalties under C.R.S. § 8-4-109(3)(b)(II), reasonable attorney's fees, and the costs incurred by Huber and the Similarly Situated Workers in this action. *See* C.R.S. §§ 8-4-109(3)(b), 8-4-110; C.R.S. § 8- 6-118.

**COUNT TWO: FAILURE TO PROVIDE REST BREAKS AS REQUIRED UNDER COLORADO WAGE-AND-HOUR LAW**

116. Plaintiffs incorporate all allegations contained in the preceding paragraphs.

117. Plaintiffs bring this claim on behalf of themselves and the Rule 23 Class Members.

118. Under Colorado Wage-and-Hour Law, employers must "authorize and permit a compensated 10-minute rest period for each 4 hours of work, or major fractions thereof." COMPS Order, Rule 5.2.

119. COMPS Order 5.2.4 requires:

> When an employee is not authorized and permitted a required 10-minute rest period, his or her shift is effectively extended by 10 minutes without compensation. Because a rest period requires 10 minutes of pay without work being performed, work during a rest period is additional work for which additional pay is not provided. Therefore, a failure by an employer to authorize and permit a 10-minute compensated rest period is a failure to pay 10 minutes of wages at the employee's agreed-upon or legally required (whichever is higher) rate of pay.

120. Defendant failed to authorize and permit Plaintiffs and the Rule 23 Class Members to take a 10-minute rest period when they worked in Colorado.

121. Defendant violated Colorado law by not authorizing or permitting Plaintiffs and the Rule 23 Class Members to take a 10-minute rest period for each 4 hours of work.

122. Under Colorado Wage-and-Hour Law, an employee who works during what should be a rest period and is not provided additional pay that unprovided rest period has received less than the legal minimum wage for all hours worked.

123. Thus, these employees are entitled to monetary damages for providing the employer with an equivalent number of minutes of work without additional compensation.

124. Further, under Colorado Wage-and-Hour Law, an employee who is entitled to payment for  a missed rest break during a week in which he/she worked more than 40 hours in the week or during a day in which the employee worked more than 12 hours is entitled to payment at the rate of time and one-half their regular rate of pay. Failure to pay these wages for the missed rest break at the overtime rate results in an underpayment overtime. Thus, these employees are entitled to monetary damages for providing the employer with an equivalent number of overtime minutes of work without additional overtime compensation.

125. Defendant knew, or through the exercise of reasonable diligence should have known, that its policy violated Colorado Wage-and-Hour Law and, as a result, Defendant's violations were willful.

126. Therefore, Plaintiffs and the Rule 23 Class Members are entitled to ten minutes of wages for each rest period that they failed to receive.

## COUNT THREE: FAILURE TO PROVIDE MEAL BREAKS AS REQUIRED UNDER COLORADO WAGE-AND-HOUR LAW

127. Plaintiffs incorporate all allegations contained in the preceding paragraphs.

128. Plaintiffs bring this claim on behalf of themselves and the Rule 23 Class Members.

129. Under Colorado Wage-and-Hour Law, employers must provide their employees an uninterrupted, duty-free meal period of at least 30 minutes. Interpretative Notice & Formal Opinion #4.

130. COMPS Order 5.1 requires as follows:

> Meal Periods. Employees shall be entitled to an uninterrupted and duty-free meal period of at least a 30-minute duration when the shift exceeds 5 consecutive hours. Such meal periods, to the extent practical, shall be at least one hour after the start, and one hour before the end of the shift. Employees must be completely relieved of all duties and permitted to pursue personal activities for a period to qualify as non-work, uncompensated time. When the nature of the business activity or other circumstances make an uninterrupted meal period impractical, the employee shall be permitted to consume an on-duty meal while performing duties. Employees shall be permitted to fully consume a meal of choice on the job and be fully compensated for the on-duty meal period without any loss of time or compensation.

131. For meal periods to be unpaid, non-work time, employees must be completely relieved of all duties, allowed to leave the work site, and allowed to do personal activities.

132. Defendant violated Colorado law by failing to provide a duty free 30 minute meal period to Plaintiffs and the Rule 23 Class Members.

133. Defendant also violated Colorado law by failing to allow Plaintiffs and the Rule 23 Class Members to leave the work site and to do personal activities for a continuous period of 30 minutes.

134. As a result, Defendant owes Plaintiffs and the Rule 23 Class Members unpaid wages in the amount of 30 minutes that should have been paid each day.

135. Defendant knew, or through the exercise of reasonable diligence should have known, that its policy violated Colorado Wage-and-Hour Law and, as a result, Defendant's violations were willful.

**COUNT FOUR: VIOLATION OF 29 U.S.C. § 207**
**FAILURE TO PAY OVERTIME COMPENSATION**

136. Plaintiffs incorporate all allegations contained in the preceding paragraphs.

137. Plaintiffs bring this claim on behalf of themselves and the FLSA Class Members.

138. The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular hourly rate for all hours worked in excess of forty hours per week.

139. Defendant's practice and policy of not paying Plaintiffs and the FLSA Class Members for all hours worked violates the FLSA, 29 U.S.C. § 207, 29 C.F.R.§ 785.24.

140. Defendant's practices and policies of not paying Plaintiffs and the FLSA Class Members for all time worked, including overtime compensation at the rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek violates the FLSA, 29 U.S.C. §§ 201-219 and 29 CFR § 785.24.

141. Defendant's actions and/or omissions were not in good faith.

142. By engaging in the above-described practices and policies, Defendant willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

143. As a result of Defendant's practices and policies, Plaintiffs and the FLSA Class Members have been damaged in that they have not received wages due to them pursuant to the FLSA.

## JURY DEMAND

144. Plaintiffs and the Class Members hereby demand trial by jury on all issues.

## PRAYER

145. For these reasons, Plaintiffs pray that the Court:

a. Certify a class action under Rule 23;

b. Appoint Plaintiffs as representatives of the Rule 23 Class;

c. Appoint Plaintiffs' counsel as counsel for the Rule 23 Class;

d. Certify a collective action under 29 U.S.C. § 216(b);

e. Find Defendant liable for violations of Colorado Wage-and-Hour Law;

f. Find Defendant liable for violations of the Fair Labor Standards Act;

g. Award all unpaid minimum wages, unpaid regular wages, unpaid overtime compensation, liquidated damages, penalties, interest, and/or restitution available to Plaintiffs and the Class Members;

h. Award attorneys' fees to Plaintiffs and the Class Members;

i. Award costs of this action to Plaintiffs and the Class Members;

j. Award pre- and post-judgment interest at the highest rates allowed by law; and

k. Order such other and further legal and equitable relief the Court deems just, necessary, and proper.;

l. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Don J. Foty*

Don J. Foty
State Bar No. 24050022
FOTY LAW GROUP
2 Greenway Plaza, Suite 250
Houston, TX 77046
Telephone: (713) 523-0001
Facsimile: (713) 523-1116
Email: dfoty@fotylawgroup.com

ATTORNEY FOR PLAINTIFFS AND CLASS MEMBERS